UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SALAS,<br>CDCR No. AY-1376<br><br>                                        Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL &<br>MEDICAL; R.N. BURNS; SAN DIEGO<br>SHERIFF'S DEPT.,<br><br>                                        Defendant. | Case No.:  3:16-cv-00736-JAH-JLB<br><br>**ORDER:  (1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

Larry Salas ("Plaintiff"), currently incarcerated at California Rehabilitation Center located in Norco, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

**I.      Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the

1   United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

2   28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the

3   entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

4   *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a

5   prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full

6   entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015),

7   regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) &

8   (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

9        Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

10   ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the

11   trust fund account statement (or institutional equivalent) for the . . . six-month period

12   immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*

13   *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the

14   Court assesses an initial payment of 20% of (a) the average monthly deposits in the

15   account for the past six months, or (b) the average monthly balance in the account for the

16   past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

17   § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then

18   collects subsequent payments, assessed at 20% of the preceding month's income, in any

19   month in which the prisoner's account exceeds $10, and forwards those payments to the

20   Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

21        In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

22   account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*,

23   398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity which shows

24   he has a current balance of $0.00. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no

25   event shall a prisoner be prohibited from bringing a civil action or appealing a civil action

26   or criminal judgment for the reason that the prisoner has no assets and no means by

27

28

3:16-cv-00736-JAH-JLB

1   which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28

2   U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

3   based solely on a "failure to pay . . . due to the lack of funds available.").

4        Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and

5   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

6   balance of the filing fee owed must be collected and forwarded to the Clerk of the Court

7   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

8   **II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

9        **A.     Standard of Review**

10       Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA

11  also requires the Court to review complaints filed by all persons proceeding IFP and by

12  those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

13  sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

14  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

15  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these

16  statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint,

17  which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

18  who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203

19  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621

20  F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

21       All complaints must contain "a short and plain statement of the claim showing that

22  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not

23  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

24  mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

25  (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether

26  a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

27

28

1  the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

2  possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also*

3  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

4          "When there are well-pleaded factual allegations, a court should assume their

5  veracity, and then determine whether they plausibly give rise to an entitlement to relief."

6  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

7  ("[W]hen determining whether a complaint states a claim, a court must accept as true all

8  allegations of material fact and must construe those facts in the light most favorable to

9  the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

10  § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

11          However, while the court "ha[s] an obligation where the petitioner is pro se,

12  particularly in civil rights cases, to construe the pleadings liberally and to afford the

13  petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

14  2010) (*citing Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

15  "supply essential elements of claims that were not initially pled." *Ivey v. Board of*

16  *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and

17  conclusory allegations of official participation in civil rights violations" are simply not

18  "sufficient to withstand a motion to dismiss." *Id.*

19      **B.      42 U.S.C. § 1983**

20          "Section 1983 creates a private right of action against individuals who, acting

21  under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

22  *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

23  substantive rights, but merely provides a method for vindicating federal rights elsewhere

24  conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

25  and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)

26  deprivation of a right secured by the Constitution and laws of the United States, and (2)

27

28

1    that the deprivation was committed by a person acting under color of state law." *Tsao v.*

2    *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

3         **C.    Improper Defendant**

4         First, the Court finds Plaintiff's Complaint requires sua sponte dismissal pursuant

5    to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under

6    § 1983 against the "San Diego County Jail."  *See* Compl. at 1.

7         "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements:

8    (1) that a right secured by the Constitution or laws of the United States was violated; and

9    (2) that the alleged violation was committed by a person acting under color of state law."

10   *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011)

11   (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).  A county jail or

12   detention facility is not a proper defendant under § 1983.  *See Vance v. County of Santa*

13   *Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a

14   defendant is not an appropriate means of pleading a § 1983 action against a

15   municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758

16   (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's

17   constitutional rights 'under color of law.' Cook County Jail is not a 'person.').

18        Therefore, Plaintiff's Complaint fails to state a claim upon which § 1983 relief can

19   be granted against the San Diego County Jail and any purported claims against the San

20   Diego County Jail must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

21   § 191A(b)(1).

22        **D.    Municipal Liability**

23        Second, while the County of San Diego may be considered a "person" properly

24   subject to suit under § 1983, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 691

25   (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), the County

26   may be held liable only where the Plaintiff alleges facts to show that a constitutional

27

28                                          5

1   deprivation was caused by the implementation or execution of "a policy statement,

2   ordinance, regulation, or decision officially adopted and promulgated" by the

3   municipality, or a "final decision maker" for the municipality. *Monell*, 436 U.S. at 690;

4   *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*,

5   72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious

6   liability are not cognizable theories of recovery against a municipality." *Miranda v.*

7   *Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002).

8       The County of San Diego "cannot be held liable solely because it employs a

9   tortfeasor." *Monell*, 436 U.S. at 691; *Navarro*, 72 F.3d at 714. Instead, to allege a claim

10  of municipal liability, Plaintiff must include in his pleading enough "factual content" to

11  support a reasonable inference to show that: (1) he was deprived of a constitutional right;

12  (2) the county had a policy; (3) the policy amounted to deliberate indifference to his

13  constitutional right; and (4) the policy was the "moving force behind the constitutional

14  violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also*

15  *Iqbal*, 556 U.S. at 678; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

16      As currently pleaded, however, Plaintiff's Complaint fails to state a claim under 28

17  U.S.C. §§ 1915(e)(2) and § 1915A(b) because he has failed to allege any facts which

18  "might plausibly suggest" that he was subject to unsanitary or unsafe conditions pursuant

19  to any municipal custom, policy, or practice implemented or promulgated with deliberate

20  indifference to his constitutional rights, or that such a policy was the "moving force" or

21  cause of his injury. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir.

22  2012) (applying Iqbal's pleading standards to Monell claims); *Brown*, 520 U.S. at 404

23  ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable

24  to the municipality . . . [t]he plaintiff must also demonstrate that, through its deliberate

25  conduct, the municipality was the 'moving force' behind the injury alleged. That is, a

26  plaintiff must show that the municipal action was taken with the requisite degree of

27

28

3:16-cv-00736-JAH-JLB

1   culpability and must demonstrate a causal link between the municipal action and the

2   deprivation of federal rights.").

3       **E.      Individual Liability and Causation**

4       Third, Plaintiff's Complaint contains minimal factual allegations as to whom he

5   claims violated his constitutional rights and contains no "further factual enhancement"

6   which describes how, or to what extent, any individual became aware of, or were actually

7   aware of, his alleged serious medical needs.  "Because vicarious liability is inapplicable

8   to . . . §1983 suits, a plaintiff must plead that each government-official defendant,

9   through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556

10  U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*,

11  733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some

12  degree of particularity overt acts which defendants engaged in" in order to state a claim).

13      "Causation is, of course, a required element of a § 1983 claim."  *Estate of Brooks*

14  *v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must

15  be individualized and focus on the duties and responsibilities of each individual

16  defendant whose acts or omissions are alleged to have caused a constitutional

17  deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*,

18  423 U.S. 362, 370-71 (1976). Plaintiff includes no detail as to what the San Diego

19  County Jail medical staff knew about his health conditions or how they came to

20  administer treatment to Plaintiff.  As such, his allegations are insufficient to state a

21  section 1983 claim.  *Iqbal*, 662 U.S. at 678 (noting that Fed.R.Civ.P. 8 "demands more

22  than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o

23  survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

24  as true, to 'state a claim for relief that is plausible on its face.'"), quoting *Twombly*, 550

25  U.S. at 555, 570).

26  / / /

27

28

1    Accordingly, Plaintiff's Complaint requires dismissal on this basis pursuant to 28

2  U.S.C. § 1915(e)(2) and § 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d

3  at 1004.

4         **F.      Inadequate Medical Care Claim**

5         Even if Plaintiff identified specific individuals, he has still failed to state a

6  plausible Eighth Amendment claim against any of those persons.  Only "deliberate

7  indifference to serious medical needs of prisoners constitutes the unnecessary and wanton

8  infliction of pain . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S.

9  97, 103-04 (1976) (citation and internal quotation marks omitted).  "A determination of

10  'deliberate indifference' involves an examination of two elements: (1) the seriousness of

11  the prisoner's medical need and (2) the nature of the defendant's response to that need."

12  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by

13  *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

14        First, "[b]ecause society does not expect that prisoners will have unqualified access

15  to health care, deliberate indifference to medical needs amounts to an Eighth Amendment

16  violation only if those needs are 'serious.'"  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992),

17  citing Estelle, 429 U.S. at 103-04.  "A 'serious' medical need exists if the failure to treat

18  a prisoner's condition could result in further significant injury or the 'unnecessary and

19  wanton infliction of pain.'"  *McGuckin*, 914 F.2d at 1059, quoting *Estelle*, 429 U.S. at

20  104.  "The existence of an injury that a reasonable doctor or patient would find important

21  and worthy of comment or treatment; the presence of a medical condition that

22  significantly affects an individual's daily activities; or the existence of chronic and

23  substantial pain are examples of indications that a prisoner has a 'serious' need for

24  medical treatment."  *Id.*, citing *Wood v. Housewright,* 900 F.2d 1332, 1337-41 (9th Cir.

25  1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

26  / / /

27

28

1    At this stage of the pleadings, the Court will presume Plaintiff's claims regarding

2    his health care needs are sufficient to plead an objectively serious medical need.

3    *McGuckin*, 914 F.2d at 1059.  However, even assuming Plaintiff's medical needs are

4    sufficiently serious, his Complaint still fails to include any further "factual content" to

5    show that any Defendant acted with "deliberate indifference" to his needs.  *Id.*, at 1060;

6    *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

7    While Plaintiff claims that Defendant Burns "took away my brace" and assigned

8    him a top bunk from which he allegedly fell, his Complaint lacks the "further factual

9    enhancement" which demonstrates that any Defendant's "purposeful act or failure to

10    respond to [his] pain or possible medical need," and also fails to set forth any specific

11    allegations that the failure to provide him with the correct dosage of his medication was a

12    result of indifference.  *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 557; *Wilhelm*

13    *v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), citing *Jett*, 439 F.3d at 1096.  This is

14    because to be deliberately indifferent, a Defendant's acts or omissions must involve more

15    than an ordinary lack of due care. *Wilhelm*, 680 F.3d at 1122.

16    Plaintiff's Complaint contains no facts sufficient to show that any individual acted

17    with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive

18    risk to his health and safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

19    Accordingly, the Court finds that Plaintiff's Complaint fails to state an Eighth

20    Amendment inadequate medical care claim and is subject to sua sponte dismissal in its

21    entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Lopez*, 203

22    F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.  Because Plaintiff is proceeding without

23    counsel, the Court has provided him "notice of the deficiencies in his complaint," and

24    will grant him an opportunity to amend his Complaint.  *See Akhtar v. Mesa*, 698 F.3d

25    1202, 1212 (9th Cir. 2012), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

26    1992).

27

28

3:16-cv-00736-JAH-JLB

**III.    Conclusion and Orders**

Good cause appearing, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2.    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

/ / /

3:16-cv-00736-JAH-JLB

1        5.    **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a

2    blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C.

3    § 1983" for his use in amending.

4

5    Dated:   April 8, 2016

6                                      Hon. John A. Houston

7                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:16-cv-00736-JAH-JLB